In re Dwight D. GRADOLPH and
Meredith Bartek, Debtor.

Greenwood Trust Company, Plaintiff,

v.

Meredith Bartek, Defendant.

Bankruptcy No. 97–12305 B.
Adversary No. 97–1199 B.

United States Bankruptcy Court,
W.D. New York.

March 30, 1999.

Robert S. Cooper, Rochester, New York, for plaintiff.

Thomas P. Connelly III, Buffalo, New York, for defendant.

Memorandum

CARL L. BUCKI, Bankruptcy Judge.

This procedural dispute involves many of the same issues that this court considered in its recent decision in *In re Lokot-*

*nicki,* 232 B.R. 583 (Bkrtcy.W.D.N.Y. 1999). Seeing no need to repeat the analysis that is set forth therein, the court refers both parties to that opinion for the rationale that the court now applies in the present instance.

■ The defendant's motion for a protective order and to quash the plaintiff's production request is granted, for essentially the same reasons that the court stated in *In re Lokotnicki.* Pursuant to Bankruptcy Rule 7042 and Rule 42(b) of the Federal Rules of Civil Procedure, the court directs a bifurcation of this matter into two separate trials. The first and earlier trial will consider three issues, namely whether the debtor has made a material misrepresentation to the plaintiff, whether the creditor justifiably relied upon that misrepresentation, and whether the creditor suffered damage or loss as a consequence of that misrepresentation. The second trial will address all remaining issues, including the debtor's knowledge of the misrepresentation and her intent to deceive the defendant. All of the document requests relate to issues concerning the defendant's knowledge and intent. Involving the subject of the second trial, responses to the outstanding document demands are appropriately deferred until completion of the first trial.

At the time of the filing of their present cross motions, neither counsel would likely have anticipated the ruling and rationale of this court. Although the court will defer a determination of the allowable scope of discovery relative to issues of knowledge and intent, the defendant also seeks the imposition of sanctions and both parties request an award of reasonable attorney's fees. Thus, without specifically defining the limits of discovery in the event of a trial on issues of knowledge and intent, the court must nonetheless consider whether the demands or responses of either party were so unreasonable as to warrant some further consequence.

At each of the pre-trial conferences, the court expressed its desire that discovery be reasonable in scope, so as not to impose undue burdens on either side. On numerous prior occasions, counsel for plaintiff had initiated adversary proceedings in this court for the same type of relief as is sought in the present instance. Thus, the court was already familiar with the forms of discovery that counsel for plaintiff would likely employ. To deter unnecessary discovery, the court directed that plaintiff's counsel was to serve document demands only after his receipt of responses to interrogatories and requests for admissions. The court's expectation was that the plaintiff would then seek only those documents that related to issues that were not settled by reason of admissions or interrogatory responses.

■ When an attorney handles many cases of a similar character, that counsel may appropriately develop certain standard forms that he or she will routinely use. But even in such circumstances, the attorney must undertake to assure that the document is appropriate for the particular case at hand. With respect to discovery, to do otherwise would subject the opposing counsel to the burden of response to unnecessary or irrelevant inquiries. While an attorney may use standard forms when it serves his or her own convenience, such use should never work to the inconvenience of his or her opponent. When unnecessary or irrelevant discovery causes such inconvenience, the opponent may in a proper instance demand not only a protective order, but also an allowance of attorney's fees.

From the language of the document demand, it appears probable that the plaintiff utilized a standard form that was not particularized to the instant case. Altogether, the plaintiff requested fifteen types of documentation. Of these, at least five are either irrelevant or unnecessarily broad.

The fifth, eleventh and fourteenth areas of documentation all seek information for periods of time having no obvious rele-

vance to the current dispute. More specifically, these categories are as follows:

5. Copies of Federal Tax returns, including W–2's and all attached Schedules, for the years 1992, 1993, and 1994, and for 1995, the latest paystub from each employer.

11. All documents pertaining to any seasonal nature of the Debtor(s) employment for the years 1992, 1993, 1994, and 1995.

14. Any and all documents pertaining to any retirement, savings and investment, pension, stock, profit-sharing, I.R.A., or C.D. maintained by the Debtor(s) or their employer(s) from 1991–1995.

The complaint relates to the alleged use of a credit card in February of 1997. This court does not today decide the relevance of the types of information included in these three areas. It suffices to note that if such information were relevant, then plaintiff would have made these requests for 1996 and 1997. Instead, the plaintiff asks the defendant to collect these items for 1992, 1993, and 1994, all being years having no likely relevance to the present dispute.

The first area of documentation seeks "receipts, canceled checks, or other proof of payment of legal fees and/or disbursements regarding the filing of this bankruptcy." Arguably, such documents might be relevant to show consultation with counsel at times contemporaneous with use of the credit card. In this instance, however, the defendant's reply to Interrogatory 15 has fully disclosed the extent of contact with her attorney. Having already procured the relevant information, the plaintiff had no need to burden the defendant with production of these documents.

The third area of documentation looks for demand letters, collection notices, Summonses, Complaints, judgments, restraining notices, garnishments, or other executions, served on the Debtor(s) prior to or subsequent to the filing of this bankruptcy. Arguably, such documents might indicate

knowledge of an ability to pay as of the date of credit card usage. However, the eighth interrogatory asked for this same type of information for the most relevant portion of the period of time to which the third document demand relates. The issue should have been settled when counsel answered that the defendant had received no such communications. At most, plaintiff is entitled only to information for the period not covered by Interrogatory 8. At a minimum, the third document demand is overly broad, and fails to take into account the defendant's response to the prior discovery.

■ Without deciding the appropriateness of the other document demands, the court is satisfied that the first, third, fifth, eleventh and fourteenth demands are either irrelevant or overly broad. They are, therefore, burdensome. The burdensome nature of the demands would warrant a protective order, but might not by itself justify an award of legal fees. In this instance, however, counsel could have avoided the burdensome character of these demands, if he had revised his form to fit the particular unresolved issues of this case. Moreover, at the pretrial conferences, the court instructed counsel to avoid unnecessary discovery. Under these circumstances, defendant's counsel is entitled to the reasonable attorney's fees that were incurred in bringing the present motion. Because counsel has provided no specific records of his expenditure of time, the court will limit this award of legal fees to $350.

By reason of the forgoing, the court grants the defendant's motion for a protective order, and awards to her counsel legal fees in the amount of $350. This order shall be without prejudice to a future application for more limited discovery, to be considered only after completion of the first of the two trials that are ordered herein. For the same reasons, the plain-

tiff's cross motion to compel is in all respects denied.

So ordered.